IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEMARIE RYAN-HOUSE., et al., on behalf of themselves and all other persons and entities similarly situated,<br>                    *Plaintiffs,*<br><br>              *v.*<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORPORATION,<br>                    *Defendants.* | Civil Action No. [       ]<br><br>Actions pending in the E.D. Va.<br>Civil Action No. 2:04cv442<br>(and related E.D. Va. actions) |

**AGREED CONFIDENTIALITY ORDER**

      GlaxoSmithKline plc and SmithKline Beecham Corp, (collectively "GSK") and Teva Pharmaceuticals USA, Inc. ("Teva"), by and through their respective undersigned counsel, have agreed and stipulated to the entry of this Agreed Confidentiality Order ("Order") as set forth below, subject to the approval of the Court.

      1.      This Order covers the use of confidential material (as defined below) produced by Teva Pharmaceuticals USA, Inc. ("Teva") to GSK for use in the above-captioned antitrust actions pending in the Eastern District of Virginia (the "Underlying Actions"). GSK sought discovery of this material by serving upon Teva a subpoena issued out of this Court.

      2.      The parties agree that Teva may designate as "Confidential Material" any material it produces to GSK under this Order that Teva in good faith considers to contain a trade secret or other confidential research, development, or commercial information.

      3.      Teva shall make this designation by plainly marking the Confidential Material, or where that is not possible, by marking a container or tag, with the legend "TEVA CONFIDENTIAL." In the case of depositions or other pretrial testimony, Teva shall designate

it as Confidential Material: (i) by a statement on the record by counsel for Teva at the time of such disclosure; or (ii) by written notice, sent by counsel for Teva to counsel for GSK within fifteen (15) business days after receipt of the transcript of the deposition. All transcripts (including exhibits) shall be considered Confidential Material and shall be subject to this Order until expiration of such fifteen (15) day period. Should counsel for Teva not be present at any deposition or pre-trial proceeding in which Confidential Material is disclosed or discussed, counsel for GSK shall send to counsel for Teva written notice and a copy of the transcript, within ten (10) business days after receipt, so that counsel for Teva may review and designate the transcript as set forth above. The court reporter shall be instructed to mark each designated page as "TEVA CONFIDENTIAL" and the cover page of any transcript containing Confidential Material shall indicate that the transcript contains such Material. Whenever any Confidential Material is to be discussed or disclosed in a deposition, Teva may exclude from the room any person who is not entitled to receive such information.

4. Any material designated as "Confidential," "Highly Confidential," "Restricted Confidential," "Restricted Confidential - Outside Counsel Only" or with similar markings indicating confidentiality of any kind or level in any of the following actions: *Geneva Pharmaceuticals, Inc. et al. v. GlaxoSmithKline plc et al.*, Consolidated Civil Action Nos. 2:01cv391, 2:01cv677 and 2:01cv925 (E.D. Va.); *SmithKline Beecham plc et al. v. Teva Pharmaceuticals USA, Inc. et al.*, Civ. No. 1240 (Pa. Ct. Com. Pl., Philadelphia County, August Term 2002) (collectively, "Prior Teva Actions") will be treated as Confidential Material in accord with the terms of this Order.

5. The provisions of this Order extend to all Confidential Material regardless of the manner or form in which it is disclosed, including but not limited to documents, interrogatory

[Washington DC #277122 v1]

responses, responses to requests for admissions, deposition transcripts, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in the Prior Teva Actions or Underlying Actions, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits or other documents that reflect information contained in the foregoing materials.

6. The inadvertent or unintentional failure to designate specific material as Confidential Material shall not be deemed a waiver in whole or in part of Teva's claim of confidentiality as to such material. In the event that material is provided under this Order, whether in written or oral form, without any designation of confidentiality, such material may be designated as Confidential Material within ten (10) days of the discovery by Teva that such information should have been so designated and, effective upon receipt of written or oral notice thereof, shall be treated by GSK as though such information had been so designated when originally provided, except to the extent that such information already has been disclosed to individuals who otherwise would not have been entitled to have access to the information. Those individuals shall be notified by GSK immediately, and thereafter shall treat the material as Confidential Material under this Order. If Teva designates materials previously produced without designation, or removes the designation from documents previously produced, Teva shall produce to GSK substitute copies of such documents bearing the desired designation within thirty (30) days of re-designation. GSK shall substitute the later-produced documents for the earlier-produced documents, and destroy or return to Teva the earlier-produced documents and all copies thereof.

7. Should GSK inadvertently disclose Confidential Material to a court or to a person other than those persons described in paragraph 9, counsel for GSK shall immediately

(a) notify Teva of the inadvertent disclosure, including the identification of all persons who inadvertently received the Confidential Material; (b) take reasonable steps to insure the return of the Confidential Material and all copies thereof; and (c) advise such persons that such material and its use are governed by this Order. Nothing in this paragraph shall prohibit the Teva from taking any further action it deems necessary to protect the Confidential Material or seek redress for the inadvertent disclosure thereof.

8. Confidential Material shall be used by GSK solely for pursuing its defenses and/or counterclaims in the Underlying Actions and not for any other purpose.

9. Confidential Material may be provided only to outside counsel of record for GSK in the Underlying Actions ("GSK Counsel"), and unless otherwise directed by this Court, may be disclosed only to the following additional persons ("Qualified Recipients"):

   a. the employees and staff of GSK Counsel's law firm(s), including regular and temporary employees, contractors, and agents;

   b. subject to paragraphs 10-12 below, experts, consultants, or investigators retained or considered for retention to assist in the preparation of this case by GSK Counsel, as well as employees of such experts, consultants, or investigators, where such experts, consultants or investigators shall not include current employees of GSK or its subsidiaries, parents, affiliates, or other related entities;

   c. personnel employed by outside photocopying, graphic production services, or litigation support services employed by GSK Counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

   d. this Court and other judicial staff during closed court proceedings before the United States District Court for the Eastern District of Pennsylvania, and as set forth in

4

paragraph 13 below;

  e. the court, jurors and other judicial staff during closed court proceedings in the Underlying Actions before the United States District Court for the Eastern District of Virginia ("E.D. Va."), and as set forth in paragraph 14 below;

  f. outside counsel of record in the Underlying Actions for parties thereto other than GSK, provided that, prior to disclosure, they sign the form attached hereto as "Exhibit A" agreeing to be bound by this Order under the same terms as GSK;

  g. any other person who Teva agrees in writing, or who the Court directs may have access to Confidential Material.

10. Before a Qualified Recipient identified in paragraphs 9(b) or (g) is given access to Confidential Material, the Qualified Recipient must sign the form attached hereto as "Exhibit B" agreeing to be bound by the provisions of this Order. Such Qualified Recipients shall not use the Confidential Material for any purpose other than assisting GSK with the Underlying Actions, and shall not disclose the Confidential Material to any person not authorized to receive it under this Order. All signed acknowledgments must be maintained in the files of outside counsel disclosing Confidential Material to the Qualified Recipient.

11. GSK must, before disclosure is made, provide the name, affiliation and curriculum vitae of each Qualified Recipient described in paragraph 9(b) to Teva. Teva shall review the information and, within ten (10) business days, indicate its consent or objection to the disclosure. Such consent may not be unreasonably withheld. If a dispute under this provision cannot be resolved informally, either party may apply to this Court for a determination as to whether the documents may be disclosed to the Qualified Recipient in question. Until this Court rules on the motion, the documents shall not be disclosed to the

Qualified Recipient in question.

12. If a Qualified Recipient described in paragraph 9(b) has spent more than half of his or her working professional time over the previous two years employed by or consulting for any one company (where "one company" includes all subsidiaries, affiliates, parents or otherwise related entities as one company), which is or was over the relevant period active in the pharmaceutical industry (other than Teva), GSK, before disclosure is made, shall identify to the Teva: the company for which the Qualified Recipient has consulted over the previous two years; the time spent for the company; and the subject matters on which the Qualified Recipient consulted for of the company. Teva shall review this information, and within ten (10) business days, indicate its consent or objection to the disclosure. Such consent may not be unreasonably withheld. If a dispute under this provision cannot be resolved informally, either party may apply to this Court for a determination as to whether the documents may be disclosed to the Qualified Recipient in question. Until this Court rules on the motion, the documents shall not be disclosed to the Qualified Recipient in question.

13. Any document filed in the Court is presumptively a public document. Therefore, should GSK file any Confidential Material in this Court, including filing any pleadings or other papers containing, attaching or otherwise disclosing Confidential Material, it must do so under seal. Such filings shall plainly state on the first page: "Confidential - Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Order, and a statement substantially in the following form:

<u>CONFIDENTIAL</u>
This envelope contains documents that are subject to an Agreed
Confidentiality Order entered by the Court in this Action. This envelope shall
neither be opened nor the contents revealed except by Order of the Court.

6

14. Any document filed in the E.D.Va. is also presumptively a public document. Therefore, should GSK file any Confidential Material in the Underlying Actions, including filing any pleadings or other papers containing, attaching or otherwise disclosing Confidential Material, it must do so under seal. Such filings shall be made in accordance with paragraphs 12-14 of the Agreed Confidentiality Order entered by the E.D. Va. in the Underlying Actions. This shall include an obligation by GSK to follow any additional procedures imposed as a prerequisite to filing documents under seal, including filing a motion as required under Local Civil Rule 5 of the E.D. Va. Should the E.D. Va. deny permission to seal a filing containing, attaching or otherwise disclosing Confidential Information, GSK must, before filing:

(a)  remove said Confidential Material; or

(b)  obtain removal of the Confidential Material designation as specified in paragraph 15 of this Order.

15. If GSK believes that materials designated as Confidential Material do not warrant such designation, GSK and Teva must first make a good-faith effort to resolve the dispute. If the dispute cannot be resolved informally, either party may apply to this Court for a determination as to whether the designation is appropriate. In such an application, the burden rests on Teva to demonstrate that the designation is proper. Until this Court rules on the motion, the documents shall be treated as Confidential Material, as originally designated.

16. Nothing in this Order prevents disclosure of any Confidential Material to any employee or officer of Teva, or to any former employee no longer affiliated with Teva, who either authored, in whole or in part, or received the Confidential Material prior to the initiation of the Underlying Actions.

7

17.     If any person receiving Confidential Material is subpoenaed or served with a document demand in connection with an action or proceeding other than the Underlying Actions, and such subpoena or document demand seeks Confidential Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for Teva, and shall, to the extent permitted by law, withhold production of the subpoenaed or demanded Confidential Material until any dispute relating to the production of such Confidential Material is resolved.

18.     Within sixty (60) days of the termination of the Underlying Actions, all Confidential Material, including all copies, extracts and summaries thereof, shall be returned to Teva or shall be certified to have been destroyed.  Notwithstanding the foregoing, outside counsel may retain an archival copy of any pleading and/or attorney work product that contains Confidential Material.  Such archival documents shall be retained and treated in accordance with the terms of this Order.

19.     Inadvertent disclosure of information protected by the attorney-client, work product or other applicable privilege or protection shall not constitute a waiver of any claim of privilege.  Should Teva discover that it has produced privileged information, it may request the return of this information within thirty (30) days of the discovery of such production.  The privileged information, together with all copies thereof and any notes made therefrom, shall be returned forthwith.  Any motion challenging the asserted privilege under this paragraph shall be filed under seal in accord with the terms of this Order.

20.     Compliance with the terms of this Order shall not operate as an admission that any particular document is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any issue or otherwise discoverable; (e) authentic; or (f) admissible in evidence at trial.

[Washington DC #277122 v1]

21.   The terms of this Order shall survive and remain in full force and effect through the course of and after the final termination of the Underlying Actions.

22.   The parties agree that the laws of the State of Pennsylvania shall govern this Order.  The parties further agree and consent to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the exclusive jurisdiction for resolving any dispute arising out of, under, or related to this Order, and that enforcement of this Order and the obligations set forth herein shall not be under the Agreed Confidentiality Order entered by the E.D. Va. in the Underlying Actions.

SO ORDERED:                                             _____/_____/_____

```
                                                _____
                                                United States District Court for the
                                                Eastern District of Pennsylvania
```

ACCEPTED and AGREED by:

TEVA PHARMACEUTICALS USA, INC.

Date: ~~October~~ *November* 1, 2004

By:  Charles J. Bloom  CJB 322
Attorney Identification No. 10086
STEVENS & LEE P.C.
620 Freedom Business Center
Suite 200
King of Prussia, PA 19406
*Counsel for Teva Pharmaceuticals USA, Inc.*

*Of Counsel:*
Steven J. Lee
Thomas J. Meloro
KENYON & KENYON
One Broadway
New York, NY 10004

[Washington DC #277122 v1]

GLAXOSMITHKLINE PLC and
SMITHKLINE BEECHAM CORPORATION

Date: October ___, 2004

By: _____
Michael R. Lazerwitz, Esq.
Attorney Identification No. 43556
CLEARY GOTTLIEB STEEN & HAMILTON
2000 Pennsylvania Avenue NW, Suite 9000
Washington, D.C. 20006-1801
*Counsel for GlaxoSmithKline plc and
SmithKline Beecham Corporation.*

[Washington DC #277122 v1]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEMARIE RYAN-HOUSE., et al., on behalf of themselves and all other persons and entities similarly situated,<br>            *Plaintiffs*,<br><br>    *v.*<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORPORATION,<br>            *Defendants*. | Civil Action No. [         ]<br><br>Actions pending in the E.D. Va. Civil Action No. 2:04cv442 (and related E.D. Va. actions) |

## EXHIBIT A

I hereby certify my understanding that material designated "TEVA CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the "Agreed Confidentiality Order" (the "Order"). I have read and understand the terms of the Order. As counsel of record in the Underlying Actions for [insert name of plaintiff], and acting on behalf of [insert name of plaintiff], I and [insert name of plaintiff] agree to be bound by it. For this purpose, references to GSK and outside counsel for GSK in the Order shall be taken as references to [insert name of plaintiff] or outside counsel for [insert name of plaintiff] as appropriate, provided that in paragraph 8 the words "pursuing its defenses and/or counterclaims" shall be taken to mean "pursuing its claims and/or counterclaim defenses." I and [insert name of plaintiff] submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of enforcement of the Order.

Date: _____        Signature:  _____
                                    [insert name of firm]
                                    *Counsel for* [insert name of plaintiff]

[Washington DC #277122 v1]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEMARIE RYAN-HOUSE., et al., on behalf of themselves and all other persons and entities similarly situated,<br>    *Plaintiffs,*<br><br>    v.<br><br>GLAXOSMITHKLINE plc and SMITHKLINE BEECHAM CORPORATION,<br>    *Defendants.* | Civil Action No. [   ]<br><br>Actions pending in the E.D. Va.<br>Civil Action No. 2:04cv442<br>(and related E.D. Va. actions) |

## EXHIBIT B

I hereby certify my understanding that material designated "TEVA CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the "Agreed Confidentiality Order" (the "Order"). I have read and understand the terms of the Order and agree to be bound by it, and submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of enforcement of the Order.

Date: _____   Signature:_____